**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

OSCAR MEDINA-HERRERA,  )
                                               )
        Petitioner,  )
                                               )
v.  )  Case No. CIV-25-1203-J
                                               )
KRISTI NOEM, et al.,  )
                                               )
        Respondents.  )

## <u>ORDER</u>

In July 2025, Petitioner Oscar Medina-Herrera, a noncitizen from Mexico, was detained by Immigration and Customs Enforcement.  He filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking a bond hearing and the Court granted the Petition. [Doc. No. 21].  That bond hearing occurred on December 3, 2025.  [Doc. No. 23].  Petitioner now argues that the hearing lacked due process and he seeks immediate release.  *See id.*  Per the Court's order, the parties have briefed their positions.  [Doc. Nos. 26-27].  On review, Petitioner's request is DENIED.

The Court assumes, without deciding, that it would have jurisdiction to "consider any error of law in [Petitioner's] agency proceedings, including any claimed due process violation."  *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 (D. Colo. 2024) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022)).  However, the Court notably lacks jurisdiction over an immigration judge's (IJ) discretionary decisions.  *See Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) ("Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars.").

Here, Petitioner's due process argument rests on his belief that the IJ lacked neutrality because he denied bond without any evidence that Petitioner was a danger to the community.  [Doc.

No. 23 at 1-2]. However, the transcript Petitioner provides clearly documents that the IJ relied on Petitioner's prior DUI as evidence that he remains a danger to the community. *See* [Doc. No. 26, Ex. 1 at 16 ("[T]he prior DUI that happened approximately 10 years ago is a significant concern. As a result, I do find that the [Petitioner] is a danger to the community. And a result of that, bond will be denied."). Petitioner vehemently disagrees with that determination, *see* [Doc. No. 23 at 3]; [Doc. No. 26 at 2-4], but it is not one this Court has jurisdiction to review. *See supra* at 1; *see also Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012) (affirming the district court's finding that it lacked jurisdiction to review an IJ's discretionary decision to deny bond on grounds that the petitioner was a danger to society).[1]

Lacking jurisdiction to afford Petitioner any remaining relief, his request for immediate release is DENIED and the case remains closed.[2]

IT IS SO ORDERED this 6th day of January, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] As here, the petitioner in *Mwangi* was afforded a bond hearing pursuant to 8 U.S.C. § 1226 but the IJ denied bond after finding that the petitioner posed a danger to society. *See Mwangi*, 465 F. App'x at 786. The petitioner filed a § 2241 petition challenging that decision, and the Tenth Circuit affirmed the district court's finding that it lacked jurisdiction over the IJ's discretionary decision. *See id.* at 786–87.

[2] With this finding, the Court declines to address Petitioner's failure to exhaust the IJ's bond decision.